IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER KYLE PRATER,

    Plaintiff,                             No. CIV S-06-1993 FCD GGH P

    vs.

MTA OLIVER, et al.,

    Defendants.                     FINDINGS AND RECOMMENDATIONS

/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By concurrently filed order, the court has found service of the first amended complaint appropriate upon one defendant. However, as to defendant N. Grannis, Chief, Inmate Appeals Branch, plaintiff has not set forth any allegations; to the extent he apparently intended to do so, he evidently may seek to challenge her response to an inmate grievance that he filed.

        Plaintiff's claim against defendant Grannis, to the extent that he intended to frame one, appears to arise solely from his disagreement with her response to his grievance regarding his medical treatment. Plaintiff has been previously informed that prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the non-existence of, or the failure of prison officials to properly implement, an

1

1  administrative appeals process within the prison system does not raise constitutional concerns.
2  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). See also, Buckley v. Barlow, 997 F.2d 494,
3  495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F.
4  Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does
5  not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected
6  liberty interest requiring the procedural protections envisioned by the fourteenth amendment").
7  Specifically, a failure to process a grievance does not state a constitutional violation. Buckley,
8  supra.  State regulations give rise to a liberty interest protected by the Due Process Clause of the
9  federal constitution only if those regulations pertain to "freedom from restraint" that "imposes
10 atypical and significant hardship on the inmate in relation to the ordinary incidents of prison
11 life." Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[1]  Plaintiff has not
12 stated a due process claim against this defendant.

13          Defendants sued in their individual capacity must be alleged to have: personally
14 participated in the alleged deprivation of constitutional rights; known of the violations and failed
15 to act to prevent them; or implemented a policy that repudiates constitutional rights and was the
16 moving force behind the alleged violations. Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th
17 Cir. 1991); Hansen v. Black, 885 F.2d 642 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040 (9th Cir.
18 1989).  "Although a § 1983 claim has been described as 'a species of tort liability,' Imbler v.
19 Pachtman, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L.Ed.2d 128, it is perfectly clear that not
20 every injury in which a state official has played some part is actionable under that statute."

---

[1] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

1 | Martinez v. State of California, 444 U.S. 277, 285, 100 S. Ct. 553, 559 (1980).  "Without

2 | proximate cause, there is no § 1983 liability."  Van Ort v. Estate of Stanewich, 92 F.3d 831, 837

3 | (9th Cir. 1996).

> The search, which was performed in accordance with this
> constitutionally valid strip search policy, was subsequently ratified
> by the School Board when Mr.Williams filed a grievance.
> Therefore, Williams' only grasp at evoking municipal
> liability under § 1983 is to show that this subsequent ratification is
> sufficient to establish the necessary causation requirements.  Based
> on the facts, the Board believed Ellington and his colleagues were
> justified in conducting the search of Williams.  There was no
> history that the policy had been repeatedly or even
> sporadically misapplied by school board officials in the past.
> Consequently, the School Board cannot be held liable for the
> ratification of the search in question, because this single, isolated
> decision can hardly constitute the "moving force" behind the
> alleged constitutional deprivation.

Williams v. Ellington, 936 F.2d 881, 884-885 (9th Cir. 1991).

This court is unwilling to adopt a rule that anyone involved in adjudicating grievances after the fact is per se potentially liable under a ratification theory.  However, this is not to say that persons involved in adjudicating administrative disputes, or persons to whom complaints are sometimes made can never be liable under a ratification theory.  If, for example, a reviewing official's rejections of administrative grievances can be construed as an automatic whitewash, which may have led other prison officials to have no concern of ever being reprimanded, a ratifying official may be liable for having put a defective policy in place.

In this instance, plaintiff has failed altogether to set forth facts with regard to defendant Grannis that suggest that she is liable to him under a ratification theory.

Plaintiff having been afforded an opportunity to amend, the court cannot discern how plaintiff could cure the defect of any allegations with respect to this defendant and will now recommend dismissal of plaintiff's claims (or intended claims) against this defendant without further leave to amend.  Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999) (Liberality in granting a

1 plaintiff leave to amend "is subject to the qualification that the amendment not cause undue
2 prejudice to the defendant, is not sought in bad faith, and is not futile.")

3   Accordingly, IT IS HEREBY RECOMMENDED that defendant Grannis be
4 dismissed from this action.

5   These findings and recommendations are submitted to the United States District
6 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
7 days after being served with these findings and recommendations, any party may file written
8 objections with the court and serve a copy on all parties.  Such a document should be captioned
9 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
10 shall be served and filed within ten days after service of the objections.  The parties are advised
11 that failure to file objections within the specified time may waive the right to appeal the District
12 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13 DATED: 5/1/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
prat1993.fr