IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER KYLE PRATER,

    Plaintiff,                    No. CIV S-06-1993 FCD GGH P

   vs.

MTA OLIVER, et al.,

    Defendants.               ORDER

_____/

Introduction

      Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's putative motion to compel discovery, filed on 12/26/07, to which defendants filed their opposition on 1/11/08.

Amended Complaint

      This action, originally filed on 9/06/06, is proceeding on an amended complaint, filed on 12/01/06, as modified by Order, filed on 7/02/07, dismissing Grannis as a defendant. Defendants are Medical Technical Assistant (MTA) Olver (erroneously sued as "Oliver"), Dr. Lee; Dr. Sahota; Kim Stocker.  The gravamen of plaintiff's action is that defendant Olver was deliberately indifferent to his medical condition, when he suffered severe leg pain and was unable to walk normally, but was refused treatment by Olver for three days; thereafter, defendant

1

Lee provided inadequate pain medication and made no real effort to determine the source of the pain in his leg, which still hurt but not so severely. Amended Complaint, pp. 3, 19, 51. Defendants Stocker and Sahota denied plaintiff's request for an M.R.I., which plaintiff sought so that the major cause of his pain could be diagnosed. Id., at 51. Plaintiff primarily seeks money damages, but also seeks declaratory relief. In addition, he seeks injunctive relief, but apparently only in the form of prohibiting defendants and their agents from retaliating in any manner against him, including transferring him in retaliation for filing this action.[1]

Motion to Compel

In a single-page filing, plaintiff explains that he was transferred to Corcoran State Prison from Old Folsom State Prison on December 14, 2007, and at that time was still in processing and had been unsuccessful in obtaining his legal work. Motion, filed on 12/26/07. Plaintiff goes on to contend that the defendant Olver has not provided any responses/document production in response to plaintiff's requests for production of documents, inappropriately asking for summary judgment on that basis. Id.

In opposition, counsel for defendants Stocker, Lee and Sahota respond that these defendants served their responses on November 19, 2007, to plaintiff's October (2007) requests for production of documents served upon them. Opposition, filed on 1/11/08. Defendants attach as Exhibit A to their opposition, defendant Lee's responses to plaintiff's three document production requests directed to him, wherein counsel for defendants interposed objections to what were construed as, inter alia, overbroad, burdensome, and vague requests regarding guidelines for treating hip and leg injuries for California state inmates. Notwithstanding the objections, defendant states that he has no documents responsive to plaintiff's requests in his

---

[1] Plaintiff is informed that seeking prospective injunctive relief for an alleged violation of plaintiff's right to adequate medical care for a serious medical condition in the form of a prohibition against retaliating against plaintiff for filing the instant complaint is inapposite as such retaliation would constitute a separate violation of plaintiff's constitutional rights for which plaintiff would be free to proceed in a separate action against the defendants or any other who acted in such retaliation. Moreover, an injunction to defendants "not to violate the law" is inappropriate.

1  possession, custody or control.  Defendants appear confused by plaintiff's motion which is,
2  indeed, unclear, and point out that plaintiff in no way addresses the objections defendants have
3  raised in their responses.  Further, it appears to the court that plaintiff has directed his motion at a
4  defendant who at that point had yet to be served, there having been some difficulty in correctly
5  identifying and locating this individual.  See Orders, filed on 9/25/07, 10/01/07, 10/12/07,
6  11/20/07; see also, executed waiver of service of summons, filed for defendant Olver, on
7  3/24/08.  Defendant Olver's waiver was not received until some three months after the pending
8  motion was filed.  Moreover, plaintiff filed no reply to the opposition seeking to clarify the
9  motion, which was apparently brought prematurely as to defendant Olver.  The court will deny
10 the defective motion.

         Accordingly, IT IS HEREBY ORDERED that plaintiff's December 26, 2007 (# 30) deficient motion to compel discovery is denied.

DATED: 09/19/08                          /s/ Gregory G. Hollows

                                         GREGORY G. HOLLOWS
                                         UNITED STATES MAGISTRATE JUDGE

GGH:009
prat1993.mtc