IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER KYLE PRATER,

    Plaintiff,               No. CIV S-06-1993 FCD GGH P

    vs.

MTA OLIVER, et al.,

    Defendants.          FINDINGS AND RECOMMENDATIONS

                        /

Introduction

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's putative motion for summary judgment, filed on 1/05/09, to which defendants filed their opposition on 1/27/09.  The court construes the 2/19/09 "motion to add new evidence," and "grounds for entry of judgment," as plaintiff's reply.

Amended Complaint

        This action, originally filed on 9/06/06, is proceeding on an amended complaint, filed on 12/01/06, as modified by Order, filed on 7/02/07, dismissing Grannis as a defendant.  Defendants are Medical Technical Assistant (MTA) Olver (erroneously sued as "Oliver"), Dr. Lee; Dr. Sahota; Kim Stocker.  The gravamen of plaintiff's action is that defendants violated plaintiff's rights under the Eighth Amendment by deliberate indifference to a serious medical

1

condition. Defendant Olver was deliberately indifferent when plaintiff suffered severe leg pain and was unable to walk normally, refusing plaintiff treatment for three days, stating that "'it is not a medical emergency," and only providing Ibuprofen which did not stop his pain. Amended Complaint, pp. 3, 19.

Plaintiff walked in pain for fourteen (14) days before receiving, in addition to Ibuprofen, Vicodin, "which never worked"; thus, defendant Lee, who saw plaintiff on 12/30/05 and again on 1/09/06, provided inadequate pain medication and made no real effort to determine the source of the pain in his leg, which still hurt but not so severely. Amended Complaint, pp. 3, 19, 51.

Defendants Stocker and Sahota denied plaintiff's request for an M.R.I., which plaintiff sought so that the major cause of his pain could be diagnosed. He states, although it is less severe, that he is still in pain. Id., at 51. Plaintiff primarily seeks money damages, including punitive, but states he also seeks declaratory relief (although he apparently, but mistakenly, believes declaratory relief may come in the form of money damages (see id., at 3, 52)). In addition, he seeks injunctive relief, but apparently only in the form of prohibiting defendants and their agents from retaliating in any manner against him, including transferring him in retaliation for filing this action.[1]

Motion for Summary Judgment

*Legal Standard for Summary Judgment*

Summary judgment is appropriate when it is demonstrated that the standard set forth in Fed. R. Civ. P. 56(c) is met. "The judgment sought shall be rendered forthwith if . . .

---

[1] Plaintiff has been previously informed that seeking prospective injunctive relief for an alleged violation of plaintiff's right to adequate medical care for a serious medical condition in the form of a prohibition against retaliating against plaintiff for filing the instant complaint is inapposite as such retaliation would constitute a separate violation of plaintiff's constitutional rights for which plaintiff would be free to proceed in a separate action against the defendants or any other who acted in such retaliation. Moreover, an injunction to defendants "not to violate the law" is inappropriate. See Order, filed on 9/19/08, p. 2, n.1.

there is no genuine issue as to any material fact, and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct., 2548, 2553 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322, 106 S. Ct. at 2552. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323, 106 S. Ct. at 2553.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11, 106 S. Ct. at 1356 n. 11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see

1  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); T.W. Elec.
2  Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the
3  dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the
4  nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255, 106 S. Ct. at 2513. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S.Ct. 1356 (citation omitted).

\\\\\
\\\\\

*Legal Standard for Eighth Amendment Claim*

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of course, negligence is insufficient. Farmer, 511 U.S. at 835, 114 S. Ct. at 1978. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37, 114 S. Ct. at 1979. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842, 114 S. Ct. at 1981.

\\\\\

It is nothing less than recklessness in the criminal sense – subjective standard – disregard of a risk of harm of which the actor is <u>actually</u> aware. <u>Id.</u> at 838-842, 114 S. Ct. at 1979-1981. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id.</u> at 837, 114 S. Ct. at 1979. Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." <u>Id.</u> at 847, 114 S. Ct. at 1984. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." <u>Id.</u> at 842, 114 S. Ct. at 1981. If the risk was obvious, the trier of fact may infer that a defendant knew of the risk. <u>Id.</u> at 840-42, 114 S. Ct. at 1981. However, obviousness <u>per se</u> will not impart knowledge as a matter of law.

Also significant to the analysis is the well established principle that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. <u>Jackson v. McIntosh</u>, 90 F.3d 330 (9th Cir. 1996); <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981).

Moreover, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. <u>Ortiz v. City of Imperial</u>, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to <u>competently</u> treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. <u>Id.</u>

Additionally, mere delay in medical treatment without more is insufficient to state a claim of deliberate medical indifference. <u>Shapley v. Nevada Bd. of State Prison Com'rs</u>, 766 F.2d 404, 408 (9th Cir. 1985). Although the delay in medical treatment must be harmful, there is no requirement that the delay cause "substantial" harm. <u>McGuckin</u>, 974 F.2d at 1060, citing <u>Wood v. Housewright</u>, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and <u>Hudson</u>, 112 S. Ct. at 998-1000. A finding that an inmate was seriously harmed by the defendant's action or inaction tends to provide additional support for a claim of deliberate indifference; however, it does not end the inquiry. <u>McGuckin</u>, 974 F.2d 1050, 1060 (9th Cir. 1992). In summary, "the more serious the

medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the defendant." McGuckin, 974 F.2d at 1061.

        Superimposed on these Eighth Amendment standards is the fact that in cases involving complex medical issues where plaintiff contests the type of treatment he received, expert opinion will almost always be necessary to establish the necessary level of deliberate indifference. Hutchinson v. United States, 838 F.2d 390 (9th Cir. 1988). Thus, although there may be subsidiary issues of fact in dispute, unless plaintiff can provide expert evidence that the treatment he received equated with deliberate indifference thereby creating a material issue of fact, summary judgment should be entered for defendants. The dispositive question on this summary judgment motion is ultimately not what was the most appropriate course of treatment for plaintiff, but whether the failure to timely give a certain type of treatment was, in essence, criminally reckless.

*Discussion*

        Plaintiff, in an insubstantial three-page filing, moves for summary judgment, relying on exhibits he references as attached to his amended complaint, which he evidently intends to incorporate by reference. Motion, p. 3. In violation of Local Rule 56-260(a), plaintiff does not set forth a statement of undisputed facts, enumerating "discretely each of the specific material facts relied upon in support of the motion," citing "the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon to establish that fact." The exhibits attached to the amended complaint, in addition to copies of this court orders (Exhibit A), includes a copy of his 602 appeal concerning the alleged inadequate actions of defendants herein to his complaints of pain (Exh. B), as well as copies of unauthenticated medical records.

        Following the filing of defendants' opposition, plaintiff subsequently filed a "motion to add new evidence of medical negligence, and request for additional award," which the

7

1  court will construe, along with plaintiff's "grounds for entry of judgment," filed the same day, as
2  plaintiff's reply to his motion.  The new evidence includes a copy of an unauthenticated M.R.I.,
3  apparently performed on 12/15/08, and indicating plaintiff has an "internal derangement of left
4  knee. Lateral left knee pain."  See docket # 51, filed on 2/19/09, p. 5.  This report is followed by
5  copies of what appears to be a health care services physician request for services and medical
6  progress notes. Id., at 6-8.  Unfortunately, plaintiff provides no context, or any form of an
7  authenticating declaration interpreting the medical significance of the records provided.
8  Moreover, in the filing wherein plaintiff seeks entry of judgment by the court in his favor, he also
9  appears to lament the alleged deprivation of his right to a jury trial (docket # 52, p. 3), a
10 conclusion that is both misguided and premature.

11             In the opposition, defendants correctly note that plaintiff has failed to provide
12 sufficient evidence to warrant a finding that there remains no genuine material fact dispute, and
13 in fact offers little in support of his motion but his own belief, assertions and conclusions of law
14 that he has suffered irreparable harm.  Opposition, p. 4.  Defendants aver that even if plaintiff had
15 articulated facts for which he offered sufficient evidentiary support that he has not shown an
16 Eighth Amendment violation.  Id.  The court, however, will not reach this portion of defendants'
17 argument because plaintiff has not set forth undisputed material facts nor organized and set forth
18 the evidentiary support for such facts sufficient for the undersigned to consider plaintiff's
19 motion.  This facially defective motion should be denied.

20             Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's January 5, 2009
21 (# 48) deficient motion for summary judgment be denied.

22             These findings and recommendations are submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
24 days after being served with these findings and recommendations, any party may file written
25 objections with the court and serve a copy on all parties.  Such a document should be captioned
26 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 06/10/09

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
prat1993.msj