IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER KYLE PRATER,

    Plaintiff,                    No. CIV S-06-1993 FCD GGH P

    vs.

P. SAHOTA, et al.,

    Defendants.             ORDER

_____/

          In the Pretrial Order, filed on August 12, 2010, plaintiff, who had identified no witnesses in his pretrial statement, was permitted an additional fourteen days to identify his witnesses.[1] Plaintiff has now provided the names and addresses of two witnesses, whom he refers to as "Rule 26 experts." Both witnesses named are M.D.'s, according to plaintiff: Dr. Renee Lauritzen, plaintiff states, performed plaintiff's "knee surgery and ... requested the M.R.I." Dr. David Araya apparently conducted the M.R.I. Plaintiff asks that the court subpoena his witnesses.

          Within the Pretrial Order, the parties were informed that:

          "[E]xperts" are categorized as "percipient" and "Rule 26" experts.

---

[1] Plaintiff was informed that, notwithstanding, he could testify himself as well as call any of defendant's named witnesses.

1

>   Percipient experts are persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties which happen to be pertinent to the issues in the case. Another term for the opinion of a percipient expert is "historical opinion." Percipient experts are experts who, unless also designated as Rule 26 experts, are limited to testifying to their historical opinions and the reasons for them. That is, they may be asked to testify to their opinions given in the past and the whys and wherefores concerning the development of that opinion. However, they may not be asked to render a current opinion for the purposes of the litigation.
>   Footnote 3: <u>See</u> Advisory Committee Notes, Rule 26, 1970 amendment subdivision (b)(4). "It should be noted that the subdivision [Rule 26 expert] does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness."

Pretrial Order, p. 4.

In that order, the undersigned informed defendant that the requisite disclosure and reports would have to be served upon plaintiff at least 90 days prior to trial, if no other date is set, and, based on the January 2011 trial date, ordered disclosure of any Rule 26 expert defendant intended to call at trial be made no later than October 1, 2010. Id.

In this instance, plaintiff does not actually appear to be proceeding with his two prospective witnesses as Rule 26 experts, despite his representation otherwise. As to both physician witnesses, plaintiff describes the specific involvement of each with his medical treatment. Plaintiff may intend for his medical witnesses to proceed as percipient experts, limited to testifying as to their historical opinions and the reasons for them, but without being asked to provide a current opinion for litigation purposes. On the other hand, as they were "actors" with respect to the occurrences involved, it might be that they should simply be treated as ordinary witnesses.

Should plaintiff really wish to proceed with them as Rule 26 experts, he, as defendant must do for plaintiff with respect to any such witness, would have to serve the requisite disclosure and reports upon defendant by no later than Oct. 1, 2010.

It is not the responsibility of the court to subpoena plaintiff's witnesses for him.

The court provided instructions for the serving of voluntary and involuntary incarcerated and unincarcerated witnesses in the <u>Further Scheduling Order</u>, filed on April 19, 2010. The order stated in part, inter alia, as to witnesses not incarcerated who refuse to testify voluntarily that:

> <u>not earlier than four weeks and not later than two weeks before trial</u>, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness. Also, the party seeking the witness' presence must tender an appropriate sum of money to the witness through the United States Marshal. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus the witness' travel expenses.</u>
>
> A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the full amount of the witness' travel expenses plus the daily witness fee of $40.00.

Id., at 4 (emphasis in original).

The parties were also told that "because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required *even if the party was granted leave to proceed in forma pauperis*." Id. [Emphasis added]. On the other hand, if plaintiff's witnesses agree to testify voluntarily, while plaintiff must secure their voluntary attendance, they need not be subpoenaed.

The Clerk of the Court will be directed to provide plaintiff with two subpoena forms, but if plaintiff intends to have the witnesses subpoenaed he must return the appropriate sum of money with the subpoenas properly addressed before the court will direct the U.S. Marshal to serve them.

Accordingly, IT IS ORDERED that:

1. The Clerk of the Court is to provide plaintiff with two subpoena forms;

2. Plaintiff must return the subpoenas, properly addressed and prepared, with the

\\\\\

\\\\\

\\\\\

3

witness fees and travel expenses by no later than January 11, 2011, two weeks prior to trial, if plaintiff wishes for the court to direct service of the subpoenas.

DATED: September 2, 2010                    /s/ Gregory G. Hollows

                                            GREGORY G. HOLLOWS
                                            UNITED STATES MAGISTRATE JUDGE

GGH:009
prat1993.ord