IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER KYLE PRATER,

      Plaintiff,                               No. CIV S- 06-1993 KJM GGH

     vs.

P. SAHOTA, et al.,

      Defendants.

                                   /

          On June 6, 2011, this court appointed Rebecca L. Woodson, McKenna Long & Aldridge, LLP, a member of this court's pro bono panel, as counsel for plaintiff Prater, a prison inmate, in his civil rights action under 42 U.S.C. § 1983; the action raised a claim of deliberate indifference to plaintiff's medical needs. ECF No. 113. On August 11, 2011, plaintiff through counsel designated attorneys Natasha Sumner and Patrick Malone, McKenna Long & Aldridge, LLP, as counsel for service in this action and notified the court that Rebecca Woodson was no longer counsel of record. ECF No. 124.

          Trial was set to begin on September 26, 2011, but because a jury pool was not available that day, the parties engaged in unsuccessful settlement discussions. Trial began on September 27, with Mr. Malone and Ms. Sumner representing plaintiff. On September 29, 2012,

/////

1

the jury returned a verdict in plaintiff's favor, awarding $10,000 in compensatory damages and $20,000 in punitive damages.  ECF No. 139.

Counsel has now moved for attorney's fees and has presented documentation, including billing records and the declaration of counsel, showing that the three lawyers put in a total of 326.8 hours in preparing for the case and that another lawyer, who did not appear, worked an additional 1.3 hours for a total of 328.1 attorney hours.  In addition, the firm's paralegals, librarian and a clerk expended an additional 57.1 hours.  Finally, the firm incurred a total of $1955.59 in costs for computer-assisted research, copying, mileage, telephone, and Mr. Malone's admission to practice in this district.  ECF No. 148, Ex. H.  At hearing on the motion, counsel explained there was no duplication of Ms. Woodson's efforts, as her initial work provided the basis for Mr. Malone's and Ms. Sumner's preparation.

Defendant filed a written non-opposition to the motion for fees.

Under 42 U.S.C. § 1988(b) a court may, in its discretion, authorize an award of attorneys' fees to a prevailing party.  To determine a reasonable fee, the court must first calculate a "lodestar" by multiplying the number of hours counsel reasonably expended by a reasonable hourly rate.  *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995).  This in turn requires the court to consider (1) the time and labor required; (2) the novelty of the questions presented; (3) the skill required to provide appropriate representation; (4) the impact the litigation had on counsel's ability to undertake other employment; (5) the customary fee; (6) the fixed or contingent nature of the fee; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the relationship with the client; and (12) awards in similar cases.  *Id.* at 252 n.4 (citing *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 70 (9th Cir. 1975)).  The "most critical factor" in determining the reasonableness of a fee is the degree of success obtained.  *Dannenberg v. Valadez*, 338 F.3d 1070, 1075 (9th Cir. 2003) (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)).

Counsel in this case prepared a case for trial in a period of three months and were able to secure a favorable verdict for an inmate without conducting discovery themselves, but rather relying on whatever discovery plaintiff had pursued.  In addition, by the time counsel was appointed, discovery had closed and the time for designating experts had passed, yet counsel was able to use plaintiff's medical records in skillful cross-examination of defendant and defendant's expert.  That Mr. Malone was able to undercut defendant's expert stems from his litigation experience, including the defense of multi-party toxic tort litigation, which honed his ability to examine doctors and other experts.  Similarly, Ms. Sumner has experience as second chair in toxic tort litigation. ECF No. 148 ¶¶ 25-26.  Both attorneys were not able to devote their time to such clients as a result of their preparation for this case. *Id.* ¶ 23.  Although the legal issues in the case were not difficult, counsel ably presented the deliberate indifference standard to the jury in the context of the facts they developed through examination and cross-examination.  Finally, they undertook a case for a prison inmate on the expectation that if they did not prevail they would not be paid.  Based on all these factors, the court finds the number of hours claimed to be reasonable.

This court cannot award counsel's customary fee: its authority to award fees is constrained by the Prison Litigation Reform Act (PLRA), which provides in pertinent part:

> (1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that--
>
> (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and
>
> (B)(I) the amount of the fee is proportionately related to the court ordered relief for the violation; or
>
> (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

/////

> (2) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.
>
> (3) No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18 for payment of court-appointed counsel.
>
> (4) Nothing in this subsection shall prohibit a prisoner from entering into an agreement to pay an attorney's fee in an amount greater than the amount authorized under this subsection, if the fee is paid by the individual rather than by the defendant pursuant to section 1988 of this title.

42 U.S.C. § 1997e(d) (footnote omitted).

The PLRA caps both the hourly fee and the total amount of fees, at least when plaintiff is awarded damages without injunctive relief. *Dannenberg,* 338 F.3d at 1074-75 (cap applies to fees incurred solely to obtain money damages); *Shepherd v. Goord*, 662 F.3d 603, 607 (2d Cir. 2011) (recognizing awkward phrasing of total fee cap provisions: "the plain language of § 1997e(d)(2) signals that no attorney's fee award greater than 150 percent of the monetary judgment may be entered against a defendant. To be sure, Congress might have expressed itself more clearly, but we are nevertheless satisfied that this is the most natural reading of the statute"). The same cap applies to fees for paralegals and other support staff. *Perez v. Cate*, 632 F.3d 553, 557 (9th Cir. 2011).

Based on their usual billing rates, the fees for attorneys and paralegals total $153,063.00. However the hourly rate cannot exceed 150 percent of the hourly compensation for a CJA-appointed attorney, which is $125.00 an hour in this district. This reduces the hourly rate for the attorneys to $187.50 an hour; the paralegals and librarian already billed below this cap, so their hourly rate is not reduced. The combined fees total $68,476.25. Nevertheless, this amount exceeds the additional cap imposed by the PLRA, that the fees not exceed 150 percent of

/////

the total award, which in this case was $30,000.00.  Taking into account the entire record before the court, an award of $45,000.00 in fees is appropriate.

The PLRA also requires that some portion of the fees be paid out of plaintiff's judgment.  42 U.S.C. § 1997e(d)(2).  Although the Ninth Circuit has not addressed this provision, other courts generally say that the provision does not automatically require a court to apply 25 percent of the judgment to pay the fees.  *Boesing v. Spiess*, 540 F.3d 886, 891 (8th Cir. 2008) (finding no abuse of discretion when district court applied one percent of the judgment to the fees).  In this case, the court determines that one percent of the fees be paid out of plaintiff's judgment.

Finally, counsel requests an award of $2,759.39 in costs, but notes that they submitted a bill of costs to the Clerk in the amount of $596.90.  As the Clerk has taxed these costs against defendant, the court subtracts them from the award of costs.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion for attorney's fees (ECF No. 146) is granted;

2. Plaintiff is entitled to $45,000.00 in attorneys' fees with one percent, or $450.00, to be satisfied out of plaintiff's award; and

3. Plaintiff is entitled to costs in the amount of $2,162.49.

DATED:  May 8, 2012.

_____
UNITED STATES DISTRICT JUDGE